An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROGELIO MARTINEZ-ORELLANO,
A/K/A ROGELIO MARTINORELLAN,
A/K/A ROGELIO MARTINEZORELLAN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
CAROLYN ELLSWORTH, DISTRICT
JUDGE,
Respondents,
  and
THE STATE OF NEVADA,
Real Party in Interest.

No. 68249

FILED

JUL 2 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
  DEPUTY CLERK

*ORDER DENYING PETITION*

This is a petition for a writ of mandamus. Petitioner seeks an order directing the district court to appoint counsel to represent him in post-conviction proceedings and to file a petition on his behalf because he does not read, write or understand English. Alternatively, petitioner requests this court order the court records in this case be transcribed into Spanish.

Petitioner asserts that Judge Ellsworth arbitrarily and capriciously exercised her discretion when she determined that she could not appoint post-conviction counsel prior to the filing of a post-conviction petition for a writ of habeas corpus. Petitioner argues NRS 34.750(1)(b)

allows the district court to appoint counsel if the petitioner is unable to comprehend the proceedings and an individual with a language barrier is not able to comprehend the proceedings. Petitioner further argues that the district court may appoint post-conviction counsel to assist with discovery and discovery would be required because of the language barrier. *See* NRS 34.750(1)(c). Petitioner argues that the failure to appoint counsel to assist him in filing a petition deprives him of access to the courts.

We decline to exercise our original jurisdiction because petitioner has not demonstrated that the district court has exercised its discretion in an arbitrary and capricious manner. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). There is no recognized constitutional right to the appointment of counsel in post-conviction proceedings. *See Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867, 870 (2014); *see also Coleman v. Thompson*, 501 U.S. 722, 755 (1991). The appointment of post-conviction counsel in a non-capital case is governed by NRS 34.750(1). NRS 34.750(1) requires that a petition be filed before post-conviction counsel can be appointed as the statutory language refers to a "petition" and indicates that the district court may appoint counsel when the

petition was not going to be summarily dismissed.[1] NRS 34.750(3) further lends support to the requirement that a petition be filed prior to the appointment of counsel as post-conviction counsel may file "supplemental" pleadings. NRS 34.735 informs a petitioner that if he wants to have counsel appointed for the post-conviction proceedings he must complete the Affidavit in Support of Request to Proceed in Forma Pauperis. The factors set forth in NRS 34.750(1) help guide the district court's discretion in whether to appoint counsel after a petition has been filed, but these factors do not require the appointment of counsel prior to the filing of a petition.[2] And the filing of the petition is critical in one other respect—the filing date of the petition determines the timeliness of the petition, NRS 34.726(1); an order appointing counsel would not satisfy the filing

---

[1]NRS 34.745(4) provides that the district court may summarily dismiss a second or successive petition when it appears that the petitioner has not demonstrated he is entitled to relief based on any of the grounds set forth in NRS 34.810(2).

[2]We agree that a language barrier may demonstrate that a petitioner is unable to comprehend the proceedings and that the district court should, after the filing of a petition, consider the severity of the language barrier when deciding whether to appoint post-conviction counsel. *See generally Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) (recognizing that equitable tolling in the federal courts requires a non-English-speaking petitioner demonstrate that during the time period, the petitioner was unable to procure either legal materials in his own language or translation assistance despite diligent efforts). We note that the factors set forth in NRS 34.750(1) do not require the petitioner to demonstrate that the petition is not frivolous as argued by the State below.

SUPREME COURT
OF
NEVADA

(O) 1947A

requirement of NRS 34.726(1). We further conclude that petitioner has not demonstrated that the alternative relief requested, transcription of every document in the record into Spanish, is required in this case. Petitioner must file a petition to begin the post-conviction proceedings. Prior to the filing of the petition, petitioner's requests for accommodations are premature.

Petitioner has submitted a motion for leave to file an amended petition for a writ of mandamus as an emergency petition for writ of mandamus; we deny the request. Petitioner failed to demonstrate that relief is needed in less than 14 days.

Petitioner has also submitted a motion to stay the time to file a post-conviction petition for a writ of habeas corpus in the district court. Petitioner relies upon tolling provisions applicable in civil cases, NRAP 8(c), and argues that those rules should apply in this case as a post-conviction petition for a writ of habeas corpus is not strictly criminal for all purposes and NRS 34.780(1) provides for application of the Rules of Civil Procedure in post-conviction proceedings. We deny the motion. The rules of civil procedure apply in post-conviction habeas proceedings to the extent the rules are not inconsistent with the rules that govern the filing of a post-conviction petition for a writ of habeas corpus. *See* NRS 34.780(1). Petitioner's request, however, is inconsistent with the rules that govern the filing of a post-conviction petition for a writ of habeas corpus. A post-conviction petition for a writ of habeas corpus is a

statutory remedy and the Legislature has provided no provision for staying the time to file a petition, *see* NRS 34.726(1); rather, a petitioner must file a petition within the statutory deadline or file a late petition and demonstrate good cause for his failure to file a timely petition, *see id.* Accordingly, we

ORDER the petition DENIED.[3]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Carolyn Ellsworth, District Judge
     Rogelio Martinez-Orellano, a/k/a Rogelio Martinorellan
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[3]It is unclear why the district court denied the Clark County Public Defender's request to withdraw as it appears that their representation has come to an end.